**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRADLEY GOATLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-01321-TWP-MJD |
| ) | |
| WAL-MART, a/k/a/ WAL-MART STORES ) | |
| EAST, LP; WAL-MART STORES, INC.; ) | |
| WAL-MART PROPERTIES, INC.; WAL- ) | |
| MART REAL ESTATE BUSINESS TRUST, ) | |
| and SAM'S CLUB a/k/a/SAM'S EAST, INC., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO REMAND**

This matter is before the Court on Plaintiff Bradley Goatley's ("Goatley") Motion to Remand this case to the Marion Circuit Court because the removal was untimely. (Filing No. 12.) Defendants assert that the thirty-day clock for removal under 28 U.S.C. § 1446(b) did not begin to run until they received discovery responses disclosing that the amount in controversy exceeds $75,000.00. (Filing No. 14.) For the reasons stated below, Goatley's Motion is **DENIED**.

## I. BACKGROUND

On October 7, 2016, Goatley filed a Complaint in the Marion Superior Court alleging injuries from an accident that occurred while he was driving his vehicle in the parking lot of a Wal-Mart store located in Indianapolis, Indiana. The Complaint alleges that Goatley approached a four-way intersection where the stop sign that controlled his part of the intersection was knocked down and could not be seen because of dark and snowy conditions. Goatley drove into the intersection and his vehicle was struck on the driver's side by another vehicle. Goatley alleges that he "sustained severe and permanent personal injuries" and that all of his injuries, "except those which

are superficial in nature, are permanent, and have resulted in extreme disfigurement, pain and suffering." (Filing No. 1-1 at 31.) Goatley also alleges that as a result of his injuries, he "has been required to engage the services of dentists, hospitals, physicians, surgeons, therapists, and medical technicians for extensive medical care and treatment, including surgery, medication, x-rays, physical therapy, and has incurred and may incur in the future, reasonable medical bills for such treatment." (*Id.* ¶ 14.) Goatley requests judgment in his favor to "fully and fairly compensate him for all his injuries (physical and emotional), pain and suffering, medical expenses, loss of earnings/time, loss of enjoyment of life, loss of activities of daily living, disfigurement, and losses incurred or which are reasonably expected to be incurred in the future" as well as costs and prejudgment interest. (Filing No. 1-1 at 32.)

Defendants did not immediately remove the case to this federal district court. Instead, the parties proceeded with discovery in state court. Defendants served Interrogatories and a Request for Production on Plaintiff on November 2, 2016. (Filing No. 14-1.) Goatley served responses to those discovery requests, providing interrogatory answers and producing medical bills on March 31, 2017. (*Id.* ¶ 7.) The responses stated that Goatley's "injuries included back pain (aggravation of spondylosis), shoulder pain, headaches, numbness and weakness in [his] hands and arms, jaw pain, (TMJ/TMD disorder)" and "may have also increased [his] blood pressure causing erectile dysfunction." (*Id.*) The discovery responses also stated that Goatley lost a job at which he was earning approximately $13.00 an hour and lost another job at which he was earning approximately $10.00 an hour plus commissions. (*Id.*) The documents served in response to the requests show that Goatley has already incurred more than $34,000.00 in medical expenses. (Filing No. 14-1.)

On April 26, 2017, Defendants filed a Notice of Removal based on diversity jurisdiction and that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. On May 25, 2017 Goatley filed his Motion to Remand Case to Marion County State Court. ([Filing No. 12](#).)

## II.  LEGAL STANDARD

The removal statute has two thirty-day time limits for removal. The first is applicable to cases that are removable on the basis of the initial pleading. In such cases, the notice of removal shall be filed within thirty days after the defendant's receipt of a copy of the initial pleading or within thirty days of service of the summons "if such initial pleading has then been field in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b)(1). The second time limit is applicable to cases in which it may not be apparent on the basis of the initial pleading that the proceeding is removable:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3); *see also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013) ("The 30-day removal clock is triggered by the defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable.").

## III.  DISCUSSION

Goatley does not challenge this Court's subject matter jurisdiction, rather he contends that Defendants waited 200 days before seeking removal, and the case should have been removed within thirty days after receipt of the Complaint. He argues the Complaint provided a "reasonable probability" that the amount in controversy exceeds $75,000.00. ([Filing No. 12 at 2](#).) Defendants respond that it was not clear until Goatley provided his discovery responses on March 31, 2017

that the jurisdictional amount was satisfied, and they timely filed their Notice of Removal within thirty days after receipt of those responses.

In support of its argument that the Complaint's allegations need only provide a "reasonable probability" that the jurisdictional amount is satisfied, Goatley cites *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002). In that case, the court said that defendants are responsible "to ascertain from a reasonable and commonsense reading of the complaint whether the action is removable." *Id.* The case arose from a motor vehicle accident when the brakes on plaintiffs' vehicle failed, causing them to crash into an oncoming vehicle. *Id.* at 940. The court decided that "because plaintiffs, two of whom are minors, alleged severe and permanent injuries, including paralysis, and sought damages for lost income," it was obvious that plaintiffs' injuries exceeded the jurisdictional amount. *Id.* at 942. But this case is unlike *McCoy*, where the complaint provided details of the severe nature of the permanent injury—paralysis. In the instant case, the complaint does not provide information about the nature of Goatley's permanent injuries. "Neither 'permanent injury' nor 'losses of future earnings' are magical terms of art that automatically demonstrate that the jurisdictional threshold has been met." *Combs v. Crab Addison, Inc.*, No. 1:13-cv-00304-TWP-DKL, 2013 WL 3177744, at *3 (S.D. Ind. June 24, 2013) (finding claims for "lost wages, pain and suffering, emotional damages, medical and hospital expenses, physical disability and permanent injuries due to 'functional limitations' insufficient" to satisfy jurisdictional amount).

Goatley maintains that "Defendants could have filed a motion for a more definite statement or otherwise addressed their alleged concern or confusion" about the amount in controversy. ([Filing No. 13 at 4](Filing No. 13 at 4).) But he cites no authority requiring them to have done so, and the Court is unaware of any.

Goatley next suggests that Defendants' position is that no defendant in Indiana (or any other state in which the trial rules prohibit *ad damnum* clauses) is required to remove a case before receiving discovery. That is not so. Vague allegations of "severe and permanent personal injuries" and "extreme disfigurement, pain and suffering" like those made in this case do not require removal, but specific allegations as to the nature and extent of the plaintiff's injury, or specific allegations as to the amount of medical expenses incurred or wages already lost could show that the jurisdictional amount is satisfied.

Arguably the most serious injury alleged in the Complaint is that Goatley has suffered "extreme disfigurement," but the Complaint does not reasonably suggest how he is disfigured. Without more information, it is not clear that the jurisdictional threshold is satisfied.

Within thirty days after Defendants received discovery responses disclosing that more than $75,000.00 was in controversy, they filed their Notice of Removal. It was not clear to them before receipt of those responses that the case was removable. Therefore, removal was timely under 28 U.S.C. § 1446(b)(3) and Goatley's Motion to Remand to the Marion County State Court (Filing No. 12) is **DENIED**.

**SO ORDERED.**

Date: 10/12/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard A. Cook
YOSHA COOK & TISCH
rcook@yoshalaw.com

Thomas L. Davis
FROST BROWN TODD LLC
tdavis@fbtlaw.com

5